UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC W. UHLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:08 CV 247 |
| | ) |
| SUPERINTENDENT, INDIANA | ) |
| STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Eric Uhls, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Marion County convictions for two counts of attempted murder, attempted kidnaping, residential entry, two counts of criminal confinement, carrying a handgun without a license, attempted residential entry, and resisting law enforcement, for which he received a sentence of one hundred three years. The Indiana Court of Appeals affirmed the conviction on direct appeal, and the Indiana Supreme Court denied transfer. The Petitioner filed a petition for post-conviction relief, but withdrew it and filed his petition for writ of habeas corpus in this court.

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim---
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court or if the state court reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.*

In his petition for writ of habeas corpus, Uhls presents one ground — that his "sentence was improperly enhanced, in violation of the Sixth and Fourteenth Amendments to the United States Constitution." (DE 1 at 3). He specifically states that "the trial court imposed consecutive sentences based on facts not reflected in the jury verdict or admitted by Uhls, in contravention of the *Blakely* rule." (*Id.*). In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court reiterated the rule established in *Apprendi v. New Jersey*, 530 U.S. 488 (2000), that other than a prior conviction, any fact increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

In its review of Uhls's direct appeal, the Indiana Appellate Court properly identified the *Blakely* standard as governing the resolution of his sentencing claims. (DE 10-10 at 4). Accordingly, the court must determine if the state court's application of *Blakely* was unreasonable. *Wiggins v. Smith*, 539 U.S. at 520.

"Based on the aggravators it had found, the trial court ordered certain sentences to run consecutively to one another for a total sentence of 103 years." (DE 5-7 at 12). The Indiana Court of Appeals concluded that:

> Had the trial court sentenced him to the presumptive on each conviction and ordered the sentences to be served consecutively, Uhls faced a maximum of 115 and a half years imprisonment. Thus, Uhl's sentence did not exceed the combined statutory maximum sentence in violation of <u>Blakely</u>.

DE 5-7 at 12.

Uhls also argued on appeal that the trial court improperly considered aggravators other than his criminal history and his admission that he was on probation when he committed the offenses. The court of appeals, however, concluded that "[a]lthough the trial court discussed other factors at the sentencing hearing, it only found these two factors to be aggravating." (DE 5-7 at 12). In reviewing a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, this court must presume the facts set forth by the state court are correct. *Sumner v. Mata*, 449 U.S. 539, 547 (1981). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Uhls has not rebutted the presumption that the determination of the Indiana Court of Appeals on this point was in error. Accordingly, this court accepts the finding of the Indiana Court of Appeals that the trial court that Uhls's criminal history and his admission that he was on probation when he committed the offenses were the only factors the trial court found to be aggravating circumstances.

The Indiana Court of Appeals determined that Uhls's criminal convictions and admission that he was on probation, were properly considered by the trial court under *Blakely*, noting that *U.S. v. Booker*, 543 U.S. 220, 244, (2005) provides that any fact other than prior convictions "must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Because Uhls admitted to being on probation, that fact need not have been proved to a jury.

Uhls's final argument in his appeal was that the trial court improperly ordered his sentences to be served consecutively. The Indiana Court of Appeals concluded that "<u>Blakely</u> did not invalidate Indiana's arrangement for consecutive sentences." (DE 5-7 at 13), *citing Smylie v. State*, 823 N.E.2d 679, 686 (Ind. 2005) (*cert denied*, 546 U.S. 976). The Indiana Court of Appeals held that because the trial court properly found two valid aggravators his sentence was proper under state law and under *Blakely*.

In his traverse, Uhls argues that the application of *Blakely* his consecutive sentencing was unreasonable though he admits "the U.S. Supreme Court has not yet explicitly addressed the applicability of *Blakely* to this specific type of enhanced punishment." (DE 11 at 8). The petitioner's arguments against consecutive sentencing are unconvincing, and the Indiana Court of Appeals' decision to uphold the consecutive sentencing of Uhls is not contrary to established supreme court precedent. The Indiana Supreme Court held in *Smylie v. State* that Indiana's consecutive sentencing scheme did not violate *Blakely*, and the United States Supreme Court denied the prisoner's petition for writ of certiorari, leaving *Smylie* intact. *Smylie v. State*, 546 U.S. at 976.

A federal court may grant habeas relief if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. at 520. The Indiana Court of Appeals reviewed Uhls's claims under the *Blakely* standard, and reasonably applied *Blakely* to the petitioner's claims and rejected them. Because the Indiana Court of Appeals reasonably applied *Blakely* to Uhls's sentencing claims and found them to be

unsubstantiated his claims are without merit on habeas review pursuant to 28 U.S.C. § 2254(d).

For the foregoing reasons, the court **DENIES** this petition for writ of habeas corpus.

**SO ORDERED.**

Date: November 23, 2009

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT